UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA APTAKER, MD,<br>Plaintiff,<br>-against-<br>JUDAH SAMET, et al,<br>Defendants. | 26-CV-6217 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging violations of her rights under the First and Fourteenth Amendments concerning her mother, Julia Lamburt ("Lamburt"), who appears to have been adjudicated as incapacitated under Article 81 of the New York Mental Health Law. Named as Defendants are various officers and staff members of Allied Community Support Services ("ACSS"), and of Bezalel Rehabilitation & Nursing Center ("BRNC"). ACSS, which is also named as a Defendant, is in Cedarhurst, Nassau County, New York; BRNC, also named a Defendant, is based in Far Rockaway, Queens County, New York. For the following reasons, the Court transfers this action under 28 U.S.C. § 1404 to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The Court finds that venue in this district appears not to be proper under Section 1391(b)(1) because Plaintiff does not plead the residence of the individual Defendants. Because it is unknown where all Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or the Eastern District of New York. Even if the Court were to assume that any of the individual Defendants reside in this district, and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Far Rockaway, venue also would be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). To determine whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears appropriate here. The underlying events occurred at BRNC, which is located in Far Rockaway, in Queens County, where Lamburt has resided since around October 17, 2024, when Plaintiff alleges that ACSS was appointed as Lamburt's guardian without due process, and was later transported. (ECF 1 at 15–16 ¶ 17, 24 ¶ 38.) Plaintiff further alleges that ACSS, BRNC, and their employees "have implemented and maintained the categorical prohibition on [Plaintiff's] familial association with [Lamburt] and [Plaintiff's] children ([Lamburt's] grandchildren)." (*Id.* at 17 ¶ 20.) Plaintiff pleads the individual defendants' addresses are those of ACSS or BRNC. Because Defendants are employed in Cedarhurst, Nassau County, New York, and Far Rockaway, Queens County, New York, and Lamburt lives in Far Rockaway, Queens County, New York, it is reasonable to expect that all relevant documents and witnesses would be found in Cedarhurst or Far Rockaway. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. [1] 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts

---

[1] The Court notes that Plaintiff previously petitioned this Court for a writ of *habeas corpus* under 28 U.S.C. § 2241 as Lamburt's next friend and moved for preliminary injunctive relief. *Aptaker v. Samet*, No. 26-CV-2045 (LTS) (S.D.N.Y. filed Mar. 12, 2026.) This Court ordered the petition and accompanying motions to be transferred to the Eastern District of New York. *Id.*, ECF 10 (S.D.N.Y. Mar. 13, 2026). There, the petition was dismissed for failure to exhaust state remedies and the motions dismissed as moot. *Aptaker v. Samet*, No. 26-CV-01708 (NCM), 2026 WL 1067208 (E.D.N.Y. Apr. 20, 2026), *certificate of appealability denied sub nom. Aptaker Next Friend Standing re Lamburt v. Samet*, No. 26-1148, 2026 WL 2170936 (2d Cir. June 16, 2026).

This action appears similar to the petition in that the respondents from her petition are named as defendants here; based on the caption, the action is seemingly intended to be filed in the Eastern District of New York. (ECF 1 at 9.)

have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York.

Any pending motions are to be determined by the transferee court. Accordingly, the Clerk of Court is directed to terminate Plaintiff's motions (ECF 3, 5, and 6) in this case.

Summonses shall not issue from this Court. This order closes this case in this Court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 17, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge